1   KEVIN V. RYAN (CASBN 118321)
    United States Attorney
2
    EUMI L. CHOI (WVSBN 0722)
3   Chief, Criminal Division

4   ROBERT DAVID REES (CASBN 229441)
    Assistant United States Attorney
5
        450 Golden Gate Ave.
6       San Francisco, California  94102
        Telephone:  (415) 436-7210
7       Facsimile:  (415) 436-7234

8   Attorneys for Plaintiff

9                  UNITED STATES MAGISTRATE COURT

10                 NORTHERN DISTRICT OF CALIFORNIA

11                    SAN FRANCISCO DIVISION

12  UNITED STATES OF AMERICA,        )   No.:  CR 05 0737 JSW
                                     )
13              Plaintiff,           )   [PROPOSED]
                                     )   ORDER OF DETENTION
14          v.                       )   PENDING TRIAL
                                     )
15  MOUNZER MOUNIR,                  )
                                     )
16              Defendant.           )
    _____)

17

18          This matter came before the Court on November 14, 2005 for a detention hearing.

19  Defendant Mounzer Mounir was present and represented by Assistant Federal Public Defender

20  Elizabeth Falk.  Assistant United States Attorney Robert David Rees appeared for the United

21  States of America.

22          Pretrial Services submitted a report to the Court and the parties, and a representative of

23  Pretrial Services was present at the hearings.  The government requested detention, and the

24  defendant opposed.  Proffers and arguments affecting detention were submitted by the parties at

25  the hearings.

26          Upon consideration of the facts, proffers, and arguments presented, the Court finds by

    DETENTION ORDER:  UNITED STATES v. MOUNIR, CR 05 0737 JSW

clear and convincing evidence that no presently available condition or combination of conditions of release will reasonably assure the safety of the community as required.  Accordingly, the Court concludes that the defendant must be detained pending trial in this matter.

The present order supplements the Court's findings at the detention hearing and serves as a written findings of fact and statement of reasons as required by 18 U.S.C. § 3142(i)(1).

The Bail Reform Act of 1984, 18 U.S.C. §§ 3141–50, sets forth four factors which the Court must consider in determining whether pretrial detention is warranted.  These factors are:

(1)  the nature and circumstances of the offense charged (§ 3142(g)(1));

(2)  the weight of the evidence against the person (§ 3142(g)(2));

(3)  the history and characteristics of the person including, among other considerations, character, employment, family, and past conduct and criminal history (§ 3142(g)(3)); and

(4)  the nature and seriousness of the danger to any person or the community that would be posed by the person's release (§ 3142(g)(4)).

With regard to the first factor, the nature and circumstances of the offense charged, the defendant is accused of possessing approximately 40 grams of methamphetamine with intent to distribute it, in violation of 21 U.S.C. § 841(a)(1), which establishes a presumption that no combination of conditions will reasonably assure the appearance of the person as required and the safety of the community.  *See* 18 U.S.C. § 3142(e).  According to the criminal complaint filed in the case, officers recovered the aforementioned narcotics, along with a loaded 9mm firearm, an M1 carbine rifle, and two silencers from the defendant's home on June 10, 2005.

The second factor, the weight of the evidence, is considered the least important of the factors.  The Bail Reform Act neither requires nor permits a pretrial determination of guilt. *United States v. Gebro*, 948 F.2d 1118, 1121–22 (9th Cir. 1991).  However, the weight of the evidence appears strong and indicates that narcotics, packaging materials, and a scale were found together in the defendant's home.

1    The Court further finds that the third factor, the history and characteristics of the

2  defendant, militate against the defendant and in favor of detention.  The Pretrial Services Report

3  confirms the defendant has a lengthy criminal history.  Within the last several years, the

4  defendant has been convicted of burglary and also of drug trafficking which included the use of a

5  stun gun, among other crimes.  The defendant's criminal history and the Pretrial Services Report

6  also reveals that several bench warrants have been issued against the defendant, and that he has

7  previously violated his parole.

8    With respect to the fourth factor, the nature and seriousness of the danger to the

9  community, the Court again takes notice of the criminal complaint in this matter which indicates

10  that in June 2005, the defendant had a loaded 9mm firearm, an M1 carbine rifle, and two

11  silencers in his possession.  According to the Pretrial Services report, the defendant was at that

12  time on release from state charges involving armed robbery and assault with a deadly weapon

13  causing great bodily injury, which are strikes under California law.  The Court also takes notice

14  of the attorney for the Government's proffer that an eyewitness had previously reported that the

15  defendant accessed a local public storage unit that was found to contain several firearms reported

16  burglarized from a Big 5 Sporting Goods Store in Marin County.  Finally, the Court takes notice

17  of the attorney for the Government's proffer that, when arrested on the federal warrant in this

18  case in November 2005, the defendant was found in possession of another firearm that was

19  reported burglarized from the same Big 5 Sporting Goods Store.

20    Accordingly, based on all of the evidence above, the Court finds by clear and convincing

21  evidence that no condition or combination of conditions of release will reasonably assure the

22  safety of the community.  The defendant reserves the right to reopen these proceedings for

23  reconsideration if he wishes to offer further information regarding the circumstances relied upon

24  by the Court in making this determination.

25  //

26  //

DETENTION ORDER:  MOUNIR                3

Pursuant to 18 U.S.C. § 3142(i), IT IS ORDERED THAT:

(1) the defendant, Mounzer Mounir, be, and hereby is, committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

(2) the defendant be afforded reasonable opportunity for private consultation with his counsel; and

(3) on order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which the defendant is confined shall deliver the defendant to an authorized Deputy United States Marshal for the purpose of any appearance in connection with a court proceeding.

Dated:   2/7/06

_____
HON. NANDOR J. VADAS
United States Magistrate Judge

DETENTION ORDER:  MOUNIR                    4